BENJAMIN MELVIN *versus* THE PROPRIETORS OF
LOCKS AND CANALS ON MERRIMACK RIVER.

A deed of land executed by husband and wife, without any words of grant or war-
ranty on the part of the wife, does not pass her estate in the land.

A tenant by the curtesy initiate executed a deed, by which he undertook to convey
the fee of a parcel of land, one moiety of which had belonged to his wife and the
other moiety to her sister, as tenants in common. The wife signed and acknowl-
edged the deed, but there were no words of conveyance on her part. The grantee
and his assigns were in possession fifty years. The wife died six years, and the
husband two years, before the end of that period. The grantee mortgaged the
land in fee simple, with warranty, erected dwellinghouses upon it, and occupied it
as if he owned the fee. The wife and her children lived in the vicinity of the land,
and no claim was made by any of them until two years after the death of the hus-
band. It was *held*, that these facts would authorize a jury to presume a grant of
the fee of the wife's moiety to the husband previous to the conveyance made by
him.

THIS was a writ of entry, dated July 19, 1832, to recover
an undivided fourteenth part of a tract of land in Lowell,
containing about eighteen acres. The demandant counted on
his own seisin within thirty years. The cause was tried
before *Wilde* J., upon the general issue.

The demandant proved that Thomas Fletcher died seised
of the tract, in 1771, leaving a widow and two daughters,
Rebecca and Joanna. By his will he devised all his real
estate to his daughters as tenants in common. The widow
and daughters remained in possession of the demanded prem-
ises until the marriage of Rebecca to Jacob Kittredge in
January 1773, and after that time the widow and Joanna re-
mained in possession until the marriage of Joanna to Benjamin
Melvin, the father of the demandant, in February 1777, when
Melvin went into possession and soon after had issue by
Joanna. She had seven children, the demandant, who was
born in 1786, being one of them. She died in 1826, and her
husband in 1830. The demandant proved an entry made by
him on May 5, 1832, and here rested his case, claiming the
demanded premises, as heir to his mother.

The tenants claimed, through several mesne conveyances,
under a deed dated May 9, 1814, and recorded June 2, 1814,
from Moses Hale, guardian of all the children of Joseph
Chambers, conveying the land to one Holden. They proved

Melvin
v.
Proprietors
of Locks and
Canals on
Merrimack
River.

that Chambers was in possession and resided on the land for the period of thirty years next before his death ; that in 1785 he mortgaged it to one Parker, in fee simple, with covenants of seisin and warranty, to secure the payment of forty-six pounds, six shillings ; that he built two dwellinghouses and out buildings on the land, enclosed it with fences, and brought it under cultivation ; and that since his death the land has been in the possession of his children and of persons who have claimed under the above mentioned deed of Hale as their guardian. The tenants also proved, that Melvin senior and his wife Joanna, till their deaths, and the demandant, from his birth, lived in the immediate vicinity of the demanded premises.

The demandant then, for the purpose of showing that the possession of Chambers and those claiming under him, was not adverse to Joanna and those claiming under her, offered in evidence an office copy of a deed, with warranty, to Chambers, dated May 31, 1782, acknowledged June 25, 1782, and recorded February 18, 1790, purporting to convey the demanded premises to Chambers in fee simple, with the usual covenants, and signed by Melvin senior and Joanna his wife ; but the name of Joanna nowhere occurs in the deed except by her signature, and the deed contains no allusion to her or her right. She joined with her husband in the acknowledgment. The demandant then proved the possession of his father up to the time of the deed to Chambers, and that Chambers then went into possession of the demanded premises.

The tenants thereupon contended, that the demandant had not maintained the issue on his part ; that his entry was unlawful by reason of the adverse possession of Chambers and the descent to his heirs ; and that it was competent for the jury, from the evidence in the case, to presume and find a legal title vested in the tenants.

But the jury were instructed, that the demandant was entitled to recover the demanded premises as heir to his mother, and that the possession of Chambers and those holding under him being claimed and held under Melvin senior in right of his wife, was valid and legal during Melvin's life, and that from a

possession so held the jury had no right to presume and find a legal title vested in the tenants as against the demandant.

The jury returned a verdict for the demandant. But if on these facts he was not entitled to recover, a nonsuit was to be entered or a new trial granted, as the Court might direct.

*J. Mason*, *Hoar*, and *Robinson*, for the tenants, contended that the deed to Chambers, executed by Melvin senior and his wife, passed the estate of both, and was intended so to operate. *Elliot* v. *Sleeper*, 2 N. Hamp. R. 525. But if not, yet under the circumstances of the case the facts ought to be submitted to a jury, with instructions that they would be authorized to presume a grant in proper form, from the husband and wife to Chambers. *Higginbotham* v. *Burnet*, 5 Johns. Ch. R. 184 ; *Wilkinson* v. *Payne*, 4 T. R. 469 ; *Gray* v. *Gardner*, 3 Mass. R. 399 ; *Ricard* v. *Williams*, 7 Wheat. 109 ; *Jackson* v. *M'Call*, 10 Johns. R. 377 ; *Farrar* v. *Merrill*, 1 Greenl. 17 ; *Doe* v. *Wilson*, 11 East. 56 ; *Bedle* v. *Beard*, 12 Coke, 5 ; *Crimes* v. *Smith*, 12 Coke, 4 ; 3 Stark. Evid. 1215, 1220, 1228. Or the jury might presume a fee simple in the husband alone by a previous grant ; the manner in which the wife joined in the deed is the common way in New Hampshire of releasing dower, and the parties lived near the border of that State.

*Fletcher*, *Smith*, *Olcott*, *Mann*, and *S. Parker*, for the demandant. The law is clearly settled, that a deed executed by a wife, but containing no terms of grant or release on her part, passes no estate belonging to her. *Catlin* v. *Ware*, 9 Mass. R. 218 ; *Lithgow* v. *Kavenagh*, 9 Mass. R. 161 ; *Lufkin* v. *Curtis*, 13 Mass. R. 223 ; *Powell* v. *Monson and Brimfield Manuf. Co.*, 3 Mason, 348. Melvin senior was tenant by the curtesy initiate, and might lawfully convey an estate for his own life ; Stearns on Real Actions, 9, 11 ; 2 Bl. Com. 127, 128 ; and Chambers having accepted the deed from him, Chambers and his assigns were estopped to claim against Joanna and her heirs, except under the deed ; and the possession, therefore, not being adverse, no presumption of a grant to Chambers can arise. *Bancroft* v. *White*, 1 Caines's R. 185 ; *Jackson* v. *Sears*, 10 Johns. R. 435 ; *Tinkham* v. *Arnold*, 3 Greenl. 125.

Melvin
*v.*
Proprietors of Locks and Canals on Merrimack River.

Oct. 17th.

Melvin
v.
'roprietors
:Locks and
Canals on
Merrimack
River.
Oct. 18th.

*Per Curiam.* The possession of Chambers, his heirs and assigns, for fifty years, is a bar to this action, unless it be explained. In order to show that it was not adverse to the demandant and his ancestor, evidence is introduced of a deed executed and acknowledged by Melvin senior and his wife, but containing no words of grant or warranty on the part of the wife. The question then is, what passed by this deed. And it is clear that all the estate of Melvin senior was conveyed by it, but that it did not operate as the deed of the wife to convey her estate. Melvin senior having issue by the marriage, he was seised of a freehold for his own life, which he had a lawful right to convey, and this passed by his deed to Chambers, notwithstanding the terms of the deed were broad enough to convey a greater estate. Chambers therefore had a rightful possession during the life of Melvin senior, which neither Melvin's wife, nor her heirs, could disturb ; and it was not adverse, for the law presumes that he was in possession under his right.

It was contended that the jury would be authorized to presume a grant from the husband and wife at some time subsequent to the abovementioned deed of the husband. But it may be remarked, that there was no acquiescence on the part of the wife or of the children, in the possession by Chambers, for they had no right to interfere. They could not object to his erecting buildings ; he was authorized to occupy the land according to his pleasure. We think there was but slight ground to presume a subsequent grant from Melvin and his wife, and that the instruction to the jury was correct.

But there is another view of the case which appears to us to be of importance, namely, that here are facts having a tendency to show a grant from Joanna to Melvin senior, prior to the deed to Chambers. It is manifest that Melvin undertook to convey the fee to Chambers ; and his wife having signed the deed, it is to be presumed she had knowledge of the contents. Although the parties interested were living in the neighbourhood, no objection was made to the possession of Chambers. The mode in which Joanna joined in the deed to Chambers, is stated to have been practised in the vicinity, for the purpose of releasing dower. Chambers occupied in

Melvin
v.
Prcprietors
of Locks and
Canals on
Merrimack
River.

sne same manner as if he had been the owner of the fee.  All these facts have a bearing upon this point ; and another circumstance of greater weight is, that Melvin senior undertook to convey the whole of the land, though his wife's sister was the owner of one moiety, and yet no objection to the conveyance has been made by her or her heirs.  This subject does not appear to have been fully investigated, and we think there ought to be another trial ; and if these facts shall be substantiated, it will be competent for the jury to find a grant to Melvin senior, prior to his deed to Chambers.

*New trial granted.*